# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv140

| | |
|---|---|
| VALLEY COMMERCIAL CAPITAL, LLC, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> Vs. ) <br> ) <br> OKS LIMITED, and ) <br> DAVID O. SEQUOIAS, ) <br> ) <br> **Defendants.** ) <br> _____ ) | **ORDER ON** <br> **DEFAULT JUDGMENT** |

**THIS MATTER** having come before the court on plaintiff Valley Commercial Capital, LLC's Motion for Entry of Default Judgment and the affidavit attached thereto, and

**IT APPEARING** that the applicant has satisfied the concerns of this court as outlined in its Motion for Entry of Default (#8) of June 13, 2012, and that default was properly entered by the Clerk of this court,

**IT FURTHER APPEARING** from a review of such materials that the applicant, Valley Commercial Capital, LLC, is contractually entitled to recover its costs and attorneys' fees on its defaulted claims against defendants OKS Limited and David O. Sequoias, that defendants OKS Limited and David O. Sequoias have defaulted on such claims, and that the applicant has adequately documented its

-1-

contractual demand with an affidavit showing the fees and costs incurred.

However, the applicant fails to provide even a minimal accounting for the attorneys' fees assessed. In determining whether any award of attorneys' fees is reasonable, the Court of Appeals for the Fourth Circuit has provided the court with very specific guidance, as follows:

> In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir.2008). In deciding what constitutes a "reasonable" number of hours and rate, we have instructed that a district court's discretion should be guided by the following twelve factors:
>> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.
>
> *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).
>
> After determining the lodestar figure, the "'court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.' " *Grissom*, 549 F.3d at 321 (*quoting Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir.2002)). Finally, "[o]nce the court has

subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (internal quotation marks and citation omitted). Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 243 -244 (4th Cir. 2009).[1]

Thus, without further information from plaintiff, the court cannot enter or effectuate judgment based on Fed.R.Civ.P. 55(b)(2).

## JUDGMENT

**IT IS, THEREFORE, ORDERED** that plaintiff Valley Commercial Capital, LLC's Motion for Entry of Default Judgment (#11) is **DENIED** without prejudice.

The Clerk of Courts is respectfully instructed to serve *pro se* defendant David O. Sequoias at his mailing address registered with CM/ECF.

Signed: July 23, 2012

Max O. Cogburn Jr.
United States District Judge

---

[1] While Robinson dealt with fees for a prevailing party, there appears to be little difference in what a court must consider to determine an appropriate fee that is occasioned by failure to comply with the Rules of Civil Procedure.

-3-